IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN JEROME JONES,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:20-CV-1375-L-BN** |
| | § | |
| **SGT. A. CUILC; NFN HUHO;** | § | |
| **NFN JOHNSON; and LORIE DAVIS,** | § | |
| **Director TDCJ-CID,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On May 27, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court (1) deny Plaintiff Kevin Jerome Jones's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis (Doc. 3), filed May 27, 2020; and (2) summarily dismiss without prejudice this action pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400 within the time for filing objections to this recommendation or by some other deadline established by the court because he is barred from proceeding *in forma pauperis* under section 1915g's three-strike provision, and he has not shown that he is currently in imminent danger of serious physical injury.

Plaintiff did not pay the filing fee within the time for filing objections to the Report.  On June 19, 2020, Plaintiff, instead, filed five motions for miscellaneous relief (Docs. 6-10) that, like his other filings in this case, are difficult to decipher.  Even if the court construes Plaintiff's motions as objections, nothing in the motions demonstrates that this action is not governed by 1915g's three strike provision or establishes that he is currently in imminent danger of serious physical injury. Moreover, Plaintiff could have, but did not include in any of these motions a request to extend his

Order – Page 1

time to pay the requisite filing fee. Plaintiff, instead, requests to amend his pleadings and asks for other relief, which the court cannot consider or grant because he has not paid the requisite filing fee.

Having carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Plaintiff's miscellaneous motions (Docs. 6-10), and, to the extent these motions were intended to be objections to the Report, the objections are **overruled**. The court also **denies** Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) and **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g) for failure to pay the filing fee.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of

imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the $505 fee in full immediately. As provided above, however, Plaintiff may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

    **It is so ordered** this 26th day of June, 2020.

                                                  Sam A. Lindsay
                                                  United States District Judge